*NOT FOR PUBLICATION*

Tatevik **HAYRAPETYAN**, Petitioner,

v.

Loretta E. **LYNCH**, Attorney
General, Respondent.

No. 09–73933.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 5, 2013.*

Filed Jan. 14, 2016.

Artem M. Sarian, Esquire, Sarian Law
Group, APLC, Glendale, CA, for Petition-
er.

Catherine B. Bye, Trial, Judith Roberta
O'Sullivan, Esquire, Trial, OIL, U.S. De-
partment of Justice, Washington, DC,
Chief Counsel ICE, Office of the Chief
Counsel Department of Homeland Securi-
ty, San Francisco, CA, for Respondent.

Before: PREGERSON, W.
FLETCHER, and NGUYEN, Circuit
Judges.

MEMORANDUM **

Petitioner Tatevik Hayrapetyan appeals
from the Board of Immigration Appeals'
(BIA's) denial of her motion to reopen her
case based on ineffective assistance of
counsel. We have jurisdiction under 8
U.S.C. § 1252, and we affirm.

We review the BIA's denial of a motion
to reopen for abuse of discretion, *Cano–
Merida v. I.N.S.*, 311 F.3d 960, 964 (9th

Cir.2002); its determination of questions of
law, including claims of ineffective assis-
tance of counsel, de novo, *Mohammed v.
Gonzales*, 400 F.3d 785, 791–92 (9th Cir.
2005); and its factual findings for substan-
tial evidence, *id.*

While there is no Sixth Amendment
right to counsel in deportation proceed-
ings, the Fifth Amendment's due process
clause ensures that no petitioner's pro-
ceeding is "so fundamentally unfair that
[she is] prevented from reasonably pre-
senting [her] case." *Gonzales*, 400 F.3d at
793. To prevail on a claim of ineffective
assistance of counsel, the petitioner must
show (1) that her counsel performed defi-
ciently, and (2) that she was prejudiced by
that deficient performance. *Id.* Hayrape-
tyan cannot make either showing. Hayra-
petyan argues that her attorney performed
deficiently by withdrawing her application
for adjustment of status and requesting
voluntary departure as an alternative form
of relief. Under Ninth Circuit case law,
however, counsel's tactical decision, even if
"unwise" in retrospect, does not amount to
deficient performance unless petitioner can
show that the decision fell below the level
of professional competence. *See Magal-
lanes–Damian v. I.N.S.*, 783 F.2d 931, 934
(9th Cir.1986). Given Hayrapetyan's in-
consistent testimony regarding whether
she entered the United States without in-
spection, and the absence of any evidence
corroborating her later claim that she en-
tered with inspection, we cannot construe
her counsel's recommended course as any-
thing other than a defensible tactical deci-
sion.

Even if we were to bypass this first
step, Hayrapetyan cannot satisfy the sec-
ond. Her representation that she entered

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

the United States without inspection, made through two different attorneys at two different hearings, forecloses any claim that she was prejudiced, as her uninspected entry into the United States made her ineligible for adjustment of status under § 245(i) of the Immigration and Nationality Act.

**AFFIRMED.**

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.